UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE HOME MORTGAGE, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JAMES R. ROOHAN; DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.: 17-cv-1613-AJB-JMA<br><br>**ORDER:**<br><br>**(1) IMPOSING PRE-FILING RESTRICTIONS ON DEFENDANT AS A VEXATIOUS LITIGANT; AND**<br><br>**(2) DENYING PLAINTIFF'S EX PARTE APPLICATION**<br><br>(Doc. No. 8) |

On September 20, 2017, the Court held an order to show cause ("OSC") hearing on its tentative August 29, 2017 ruling classifying Defendant James R. Roohan ("Roohan") as a vexatious litigant. (Doc. No. 6.) The OSC hearing was set based on Roohan's pattern of abusive litigation tactics in repeatedly attempting to remove his unlawful detainer action to this district court despite the Court's orders. As explained more fully below, the Court deems Defendant James R. Roohan a vexatious litigant, and **DENIES** Plaintiff's ex parte application. (Doc. No. 8.)

///

///

# BACKGROUND

For clarity, the Court specifically illustrates the specific events that led to the initial OSC hearing:

(1) On February 10, 2017, Roohan filed his first notice of removal in this Court—17-cv-00272. On February 14, 2017, Judge John A. Houston sua sponte remanded the action to state court and denied as moot Roohan's motion to proceed in forma pauperis ("IFP").

(2) On July 12, 2017, Roohan filed his second notice of removal on the same complaint —17-cv-1409. On July 27, 2017, the Court again sua sponte remanded the action for lack of subject matter jurisdiction and denied as moot his IFP motion and Plaintiff Sage Home Mortgage's ("Sage") motion to remand. Within this motion, the Court warned Roohan that any further filings in the district court regarding his unlawful detainer action would result in the initiation of proceedings to hold him in contempt of court. Thereafter, on August, 10, 2017, Roohan filed a notice of appeal, which was dismissed by the Ninth Circuit on September 12, 2017.

(3) On August 10, 2017, Roohan then filed his third notice of removal in the present case. Based on his previous filings, the Court set an order to show cause hearing. (Doc. No. 4.) During this hearing Roohan failed to appear. (Doc. No. 6 at 2.) At the end of the hearing, the Court again sua sponte remanded the action and denied as moot Roohan's IFP motion. (*Id*.) The Court then stated that it found that Roohan's repeated notices of removal suggested bad faith. Thus, the Court found it proper to impose pre-filing restrictions on him as a vexatious litigant in this district court. (*Id*.) Roohan was given a chance to respond and the Court set a hearing on the matter for September 20, 2017. (*Id*. at 3.) Additionally, the Court ordered Roohan to pay a $1,000.00 sanction to defendant for failing to follow the Court's previous orders.

(4) On September 14, 2017, Roohan then filed his fourth notice of removal—17-cv-1875. During the September 20 hearing, the Court again sua sponte remanded the action and denied as moot his IFP motion.

# **DISCUSSION**

During the OSC hearing, both parties were present to discuss the Court's tentative ruling classifying Roohan as a vexatious litigant. Roohan asserted that it was his belief that his case should be in federal court as federal laws were allegedly broken in the sale of his house.[1] Despite Roohan's arguments, the Court reiterated that an unlawful detainer action is under the jurisdiction of the superior court.

Most importantly, based on Roohan's continued removal of his complaint, despite the three clear orders explaining to Roohan that his case did not belong in federal court and warning him that any further filings would result in contempt, the Court was alarmed to see that Roohan filed a fourth notice of removal of the exact same complaint only six days prior to the OSC hearing. This fourth removal is being transferred to this Court under the low number rule, and it will be dismissed sus sponte in short order. Thus, based on these actions and Roohan's failure to show cause, the Court concluded that Roohan's incessant and frivolous filings(including removal petitions) of state court matters in this district court warranted a finding that he be deemed a vexatious litigant. *See Bravo v. Ismaj*, 99 Cal. App. 4th 211, 221 (2002) (illustrating that vexatious litigants are those "persistent and obsessive" litigants who file "groundless actions"); *see also De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (finding that before a district court issues a pre-filing injunction against a pro se litigant, it must make a finding that the litigant's actions were "frivolous" and "harassing in nature").

Accordingly, based on the discussions on the record, the Court **ORDERS** that:

> Defendant James R. Roohan is hereby enjoined from filing any future actions or papers, including removal orders, in this district court that relate to his unlawful detainer action against Sage, the alleged unlawful sale of his home, or against any of the

---

[1] The Court notes that Roohan filed a complaint against Nationstar Mortgage, Clear Recon Corporation, Sage Home Mortgage, and Rachael Callahan alleging the unlawful sale of his property. (17-cv-1876-JAH-JLB.)

Defendants listed in case 17-cv-1875 without first obtaining leave of the general duty judge of this court.

The Court makes this ruling taking into account that the Ninth Circuit has stated that pre-filing restrictions must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. Additionally, the Court is conscious that pre-filing orders should rarely be filed. *Id.* at 1147. However, as Roohan was given the right to respond, that a hearing was held on this matter for the issue to be discussed further, and finding that Roohan failed to show cause, the Court finds that it has addressed all steps to properly and lawfully impose pre-filing restrictions on Roohan. *See* id., 912 F.2d at 1147–49 (holding that prior to ordering pre-filing restrictions a litigant must be given notice, an opportunity to oppose the order, that the Court must create an adequate record for review, and that the Court must make a finding of frivolousness).

Next, as to Sage's ex parte application to enforce the Court's orders, (Doc. No. 8), the Court found it unsuitable to hold Roohan in criminal contempt at that time. This was based on Roohan's statements that he did not receive notice about the first OSC hearing, thus explaining his absence. Consequently, the Court **DENIES** Sage's ex parte application, as well as eliminates the $1000.00 sanction fine imposed on Roohan at the August OSC hearing.

## CONCLUSION

As explained more fully above, the Court deems James R. Roohan a vexatious litigant and imposes pre-filing restrictions on him. Additionally, Sage's ex parte application is **DENIED**. (Doc. No. 8.) This action is ordered remanded back to the San Diego Superior Court, forthwith.

**IT IS SO ORDERED**.

Dated: September 22, 2017

Hon. Anthony J. Battaglia
United States District Judge